1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Scott G. Lawson (Bar No. 174671)
2    scottlawson@quinnemanuel.com
     Christina Wu (Bar No. 233186)
3    christinawu@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone:    (415) 875-6600
5  Facsimile:    (415) 875-6700

6

7  Attorneys for Gartner, Inc. and
   Computer Financial Consultants, Inc.

8

9

**ORIGINAL FILED**

AUG 27 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10

11                UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14
   JENNIFER BOSSIN                    CASE NO.
15
          Plaintiff,
16                                    **NOTICE OF REMOVAL**
          vs.
17
   GARTNER CONSULTING GROUP;
18 COMPUTER FINANCIAL CONSULTANTS;
   AND DOES 1 through 20, inclusive,
19
          Defendants.
20

21

22

23

24

25

26

27

28

C 08  4093  SBA

1    TO THE CLERK OF THE ABOVE-TITLED COURT, ALL PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that defendants Gartner, Inc. ("Gartner") and Computer

4  Financial Consultants, Inc. ("CFC")[1] hereby remove this action from the Superior Court of the

5  State of California, County of San Francisco, to the United States District Court for the Northern

6  District of California pursuant to 28 U.S.C. §§1332(a)(1) and 1441(a), and in support thereof,

7  respectfully allege as follows:

8    1.    Defendants Gartner and CFC petition that this action be removed to federal court

9  on the basis of diversity of citizenship.

10    2.    Effective July 29, 2008, Plaintiff Jennifer Bossin served on Defendants Gartner and

11  CFC a Complaint in the Superior Court of the State of California, County of San Francisco

12  ("Superior Court Action").  The docket number assigned to the Superior Court Action is CGC-08-

13  477180.  A true and correct copy of the Summons and Complaint, and the Answer and

14  Affirmative Defenses of Defendants Gartner and CFC, filed in the Superior Court Action, are

15  attached hereto as Exhibit A and are incorporated herein by reference.  The documents attached

16  hereto constitute all process, pleadings, and orders served in the Superior Court Action.

17    3.    Defendant Does 1 through 20 are also named in the Superior Court Action.  These

18  unknown defendants are not required to join in the removal notice.  See, e.g., Fristoe v. Reynolds

19  Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980).

20    4.    The Superior Court Action is a suit of a wholly civil nature of which the United

21  States District Court of the Northern District of California has diversity jurisdiction under 28

22  U.S.C. §1332(a)(1), and is a suit that may be removed by Petitioner pursuant to 28 U.S.C.

23  §1441(a).

24

25    [1]  While Plaintiff has named Gartner Consulting Group as a defendant, no such entity exists.
  Plaintiff alleges that CFC is the wholly owned subsidiary of Gartner Consulting Group, which it is
26  not.  CFC is a subsidiary of Gartner, Inc., which, based on plaintiffs' allegations, has made an
27  appearance in this case.  Both Gartner and CFC reserve the right to move to correct and/or dismiss
  themselves from this action at the appropriate time.
28

5.    Specifically, this Court has diversity jurisdiction over this action because:

(a)    Defendants are informed and believe that plaintiff is an individual who is a citizen of California and a resident of San Francisco, California.

(b)    Defendant Gartner, Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut.

(c)    Defendant Computer Financial Consultants, Inc. is a wholly owned subsidiary of Gartner, Inc., incorporated under the laws of the state of Delaware, with its principal place of business in Stamford, Connecticut.

(d)    Pursuant to 28 U.S.C. § 1441(a), the citizenship of Defendant Does 1-20 shall be disregarded for purposes of removal.

(e)    The amount in controversy exceeds $75,000 in that the Plaintiff seeks, inter alia, monetary damages for violations of California Government Code § 12940, et seq. Specifically, Plaintiff alleges that defendants engaged in sex discrimination, including wrongful termination of her employment, sexual harassment and the creation of a hostile work environment. Plaintiff claims that she is entitled to compensatory damages, punitive damages, interest, attorneys' fees and costs.

6.    The United States District Court for the Northern District of California embraces the place, San Francisco, California, where the Superior Court Action is currently pending.

7.    The Superior Court Action is therefore one over which the United States District Court for the Northern District of California has diversity jurisdiction under 28 U.S.C. §1332(a)(1), and this action may be removed to this Court by Petitioner pursuant to 28 U.S.C. §1441(a).

8.    This petition is being filed pursuant to 28 U.S.C. §1446(b) within thirty days from service of the Complaint upon a defendant on July 29, 2008.

9.    A Notice of Removal to Federal Court will be filed and served today in Superior Court of the State of California for the County of San Francisco in Bossin v. Gartner Consulting Group, et al., Case Number CGC-08-477180.  A true and correct copy of that Notice is attached hereto as Exhibit B.

1    10.    This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

2    11.    Defendants intend no admission of fact, law, or liability by this Notice, and reserve

3    all defenses, motions, and pleas.

4    WHEREFORE, Defendants Gartner, Inc. and Computer Financial Consultants, Inc.

5    respectfully request that this action be removed from the Superior Court of the State of California,

6    County of San Francisco to the United States District Court for the Northern District of California.

7

8    DATED:

9

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

10

11

12    By _Christina L. Wu_____

13    Christina L. Wu
     Attorneys for Gartner, Inc. and
     Computer Financial Consultants, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



San Francisco Superior Courts
Information Technology Group

## Document Scanning Lead Sheet

Jul-08-2008  9:51 am

Case Number: CGC-08-477180

Filing Date: Jul-08-2008 9:43

Juke Box: 001    Image: 02176268

COMPLAINT

JENNIFER BOSSIN VS. GARTNER CONSULTING GROUP et al

001C02176268

**Instructions:**
Please place this sheet on top of the document to be scanned.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GARTNER CONSULTING GROUP, COMPUTER FINANCIAL
CONSULTANTS and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER BOSSIN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SAN FRANCISCO COUNTY SUPERIOR COURT <br> 400 McAllister Street <br> San Francisco, CA 94102 | CASE NUMBER: <br> *(Número del Caso):* <br> 08 - 477180 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EMILY A. NUGENT, ESQ.                    (415) 722-4481
VINICK LAW FIRM
350 Sansome Street, Suite 300
San Francisco, CA 94104

DATE:                         GORDON PARK-LI, Clerk, by _____ C. Bautista _____, Deputy
*(Fecha)* JUL 8 - 2008                  *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] | **SUMMONS** |  <br> Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

EMILY A. NUGENT, ESQ., SBN: 255048
SHARON R. VINICK, ESQ., SBN: 129914
VINICK LAW FIRM
350 Sansome Street, Suite 300
San Francisco, CA 94104

TELEPHONE NO: (415) 722-4481    FAX NO: (415) 286-6338
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME:

FILED
Superior Court of California
County of San Francisco
JUL 8 - 2008
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE NAME: BOSSIN v. GARTNER CONSULTING GROUP, et al:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | CGC-08-477180 |
| | | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation** *(Cal. Rules of Court, rules 3.400–3.403)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action *(specify):* Five

**5.** This case [ ] is  [X] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2008

EMILY A. NUGENT, ESQ., SBN: 255048
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). *(Cal. Rules of Court, rule 3.220.)* Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
ᴾˡᵘˢ

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

SHARON R. VINICK (State Bar No. 129914)
EMILY A. NUGENT (State Bar. No. 255048)
VINICK LAW FIRM
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: 415-722-4481
Facsimile: 415-286-6338

LESLIE F. LEVY, ESQ., State Bar No. 104634
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza, Suite 500
Oakland, CA 94612
Telephone: (510) 835-8870
Facsimile: (510) 835-0415
E-mail: courtmail@boxerlaw.com

Attorneys for Plaintiff

F I L E D
Superior Court of California
County of San Francisco

JUL 8 - 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 5 - 2008 - 9:00 AM

DEPARTMENT 212

SUMMONS ISSUED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

JENNIFER BOSSIN,

      Plaintiff,

vs.

GARTNER CONSULTING GROUP;
COMPUTER FINANCIAL
CONSULTANTS; AND DOES 1
THROUGH 20, inclusive

      Defendants.

Case No. CGC - 08 - 477180

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

(Violation of Fair Employment and Housing Act)

Plaintiff JENNIFER BOSSIN alleges as follows:

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
- 1 -

# I.  JURISDICTIONAL FACTS

1.      Plaintiff, JENNIFER BOSSIN ("Bossin" or "Plaintiff") worked in and was a resident of the City San Francisco, which is located in San Francisco County, when she was hired by Computer Financial Consultants ("CFC"), which is a wholly owned subsidiary of Gartner Consulting Group ("Gartner"). Bossin was hired as a Vice President in 2001. Bossin's employment with Gartner and CFC (collectively, "Defendants") was pursuant to a written agreement, which was later modified by certain policies, practices, assurances and other statements, both oral and written.

2.      Defendant Gartner Consulting Group ("Gartner") is a Delaware corporation, with its headquarters in Stamford, Connecticut. Gartner employs approximately 4,000 associates and has corporate offices throughout the United States, including five locations in California.

3.      Defendant Computer Financial Consultants ("CFC"), a wholly owned, but separately managed, subsidiary of Gartner, which was acquired by Gartner in 1999. CFC, which has its headquarters in Florida, has two divisions, one of which is based in the United States and one of which is based in Europe.

4.      The true names and capacities, whether individual, corporate, associate or otherwise, and the true involvement of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will amend this Complaint to show the true names, capacities and involvement when ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that Plaintiff's injuries and damages (as hereinafter set forth) were proximately caused by said Defendants.

5.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the

1  remaining Defendants, and each of them, was at all times acting within the purpose and scope of such

2  agency and employment.

3  ## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

4  6.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5, above, as

5  though fully set forth herein.

6

7  7.     Plaintiff has worked in the technology field for almost twenty years.  She

8  first worked for Gartner from 1997 to 2000.

9  8.     In 2000, Bossin left Gartner to pursue an opportunity with an internet start-

10 up company which later dissolved.  Subsequently, Bossin contacted Michael Fleischer ("Fleischer"),

11 the then-chair of Gartner, and indicated that she was looking for a job.  Fleischer suggested that

12 Plaintiff consider various positions at Gartner, including one with CFC.

13

14 9.     In 2001, the head of CFC, Mike Parrish ("Parrish") interviewed Bossin for a

15 position as Vice-President, which was a position requiring direct contact with clients (also referred to

16 as a "client-facing position.")  Bossin was the first woman to be interviewed for a client-facing

17 position with CFC.  During the interview, Parrish expressed concerns about whether a woman could

18 effectively perform in CFC, although added, "It doesn't hurt that you don't look like the back of the

19 bus."  Plaintiff did not respond to the comment, as she believed that doing so might affect her chances

20 of receiving a job offer.

21

22 10.    Eventually Parrish offered Bossin a job as Vice-President with CFC, a position which

23 she accepted, thus becoming the only woman in CFC who had ever been in a client-facing position.

24 Plaintiff is informed, and believes, that CFC still has not had any other woman in a client-facing

25 position.

26 /

27

28

11.    During all relevant periods, CFC had approximately sixteen employees who were Vice-Presidents and worked in client-facing roles.  These employees were split between the United States and European Divisions.  Most of the CFC employees who were located in the United States worked in Stamford, Connecticut.

12.    Bossin, who was living in California at the time of her hire, was assigned clients who were on the West Coast.  Thus, it was agreed that Bossin would "telecommute" and remain in California, working from home.

13.    From the beginning of her tenure at CFC, Bossin was subjected to a hostile work environment which was severe and pervasive.  Sexual comments, photographs, jokes and stories permeated the all work-related activities, including telephone calls and  meetings in which Bossin's attendance was required. This environment was symptomatic of the pervasive "Boy's Club" in which she was required to work, which favored male employees, often at the expense of Bossin who found the atmosphere to be both offensive and demeaning.  Moreover, this environment was indicative of the implicit bias of Defendants against female employees, including Bossin.

14.    On numerous occasions, Bossin considered submitting a complaint regarding this hostile work environment.  However, because her direct supervisor, Parrish, participated in this conduct, Bossin believed that doing so would result in her being ostracized by her colleagues and possibly retaliated against by Parrish.  Furthermore, based upon stories that she had heard regarding the Defendants' response to complaints of discrimination made by other female employees, Bossin believed that filing a formal complaint with Gartner's Human Resources Department would be futile. Therefore, instead of complaining to Parrish, or filing a formal complaint with Gartner's Human Resources Department, Bossin chose to concentrate on performing her job duties as well as possible.

/

15.     During her tenure at CFC, Bossin developed a specialty in the health care field, an area in which CFC had previously not had a presence. While Parrish was supportive of Bossin's decision to move into the area of health care, even his support was tinged with his views of women. In her 2002 review, Ms. Bossin wrote that she intended to "Focus on industry vertical emerging: Healthcare." In response, Parrish wrote "This is an area Jen can focus on in 03 and may well suit her 'style'."

16.     During her tenure at CFC, Parrish consistently refused to provide Bossin with the support and assistance that he gave to her male colleagues. For example, when one of Bossin's male colleagues was working on a deal involving software with which he was unfamiliar, Parrish spent weeks working with her colleague, in order to assist him in making a client presentation. When Bossin asked Parrish to help her on a deal involving software with which she was unfamiliar, Parrish did not travel to visit her, and only provided her with a stock set of materials that had been used in another deal.

17.     In the fall of 2006, Bossin finally confronted her boss, Mike Parrish, regarding this disparate treatment.

18.     In October 2006, Bossin was making a presentation to a client regarding software with which she was unfamiliar. Bossin asked Parrish to help her in preparing the written materials that would be used at the presentation. While Parrish gave her some "stock" materials that she could use, he did not help her in crafting the presentation, although he customarily provided such help to her male peers.

19.     At the conclusion of the presentation, Parrish told Bossin that he was "disappointed" with the presentation and that, in his opinion, Bossin had not been prepared. Bossin responded by saying that Parrish had refused to help her prepare, although he customarily provided

1  her male colleagues with the support he had denied to her. The conversation escalated and both

2  parties agreed that Bossin would fly to Connecticut the following week to continue the discussion.

3        20.    The following week, Bossin traveled to Connecticut and met with Parrish.

4  During their meeting, Bossin complained about Parrish's refusal to assist her. Bossin then said: You

5  treat me differently. In response, Parrish asked: Are you different? Bossin responded: No, I have the

6  same quota and do the same work. Parrish then looked at Bossin, paused, and said that he disagreed.

7  In making these comments to Parrish, Bossin was identifying the implicit bias against women that

8

9  permeated the manner in which he treated her, when contrasted to the manner in which he treated

10  male colleagues.

11        21.    The conversation between Bossin and Parrish then turned to a discussion

12

13  about the deals Bossin had in the works for the rest of 2006. Bossin indicated that she intended to

14  make every effort to close as many deals as possible that year. At no point in the conversation did

15  Parrish offer to assist Plaintiff in closing her deals, nor did he tell her that if she failed to close these

16  deals that she may be terminated.

17        22.    On or about February 1, 2007, Bossin attended a CFC meeting in Florida.

18  One evening, when the group was having cocktails, Patrick Smith ("Smith"), to whom Bossin was

19

20  then directly reporting, told numerous jokes of sexual nature. Moreover, when a female Gartner

21  employee who was present asked Smith about an open position in CFC, Smith responded that he

22  would be willing to discuss the matter with her if she accompanied him to his room. Bossin, who

23  witnessed these exchanges, felt humiliated and demeaned.

24        23.    On Tuesday, February 13, 2007, Parrish and a representative of the

25  Human Resources Department called Bossin. During the call, which lasted less than five minutes,

26

27  Parrish told Bossin that she was terminated due to "lack of performance." When Plaintiff asked if

28

1  Parrish would be having similar discussions with her peers who had underperformed in 2006, he said:

2  No, just you. Bossin then said that, in her experience at Gartner, employees who were

3  underperforming were put on an improvement plan, and then asked why she wasn't being offered that

4  option. In reply, Parrish said, that he didn't think Bossin had ever been successful at CFC, nor would

5  she ever be successful at CFC. He then told her that she would be paid all outstanding commission

6

7  and expenses. Finally, he told her that she would be paid through March 30, 2007, although the

8  termination of her duties was effective "immediately."

9       24.    Within the two weeks following Bossin's termination, CFC hired two men

10  to work in the health care sector. Only one of these men, Greg Hardin, had experience in the health

11  care industry. The other man, Scott Mullin, had no experience in health care.

12

13       25.    A month or two later, CFC hired another man, Peter Krasa, who was assigned to cover

14  clients in Canada.

15       26.    Upon information and belief, none of the men hired by CFC in 2007 made their quota.

16  However, none of these men have been terminated.

17       27.    On April 15, 2008, Plaintiff filed a complaint against CFC and Gartner with

18  the California Department of Fair Employment and Housing. The filing of the DFEH complaint was

19  timely under a tolling agreement reached by the parties.

20

21       28.    On April 24, 2008, Plaintiff received Right-to-Sue Notices from the

22  Department of Fair Employment and Housing.

23                      **FIRST CAUSE OF ACTION**

24              (Wrongful Termination in Violation of Public Policy)

25       29.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, above,

26  as though fully set forth herein.

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
- 7 -

30.     It is against the public policy of the State of California to terminate an employee on account of that employee's gender, as well as the employee's opposition to practices prohibited by the Fair Employment and Housing Act.

31.     This public policy is embodied in, among other places, California Govt. Code § 12940, et seq and the California constitution.

32.     As set forth above, Defendants terminated Plaintiff based on her gender and because she complained that she was discriminated against on the basis of her gender.

33.     As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action. Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause great physical and emotional pain and suffering.

34.     As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees, and costs.

35.     Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with an improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## SECOND CAUSE OF ACTION

(Termination in Violation of
Government Code § 12940, et seq.)

36.     Plaintiff re-alleges and incorporates by reference paragraphs through 35, above, as though fully set forth herein.

37.    California Government Code §12940 protects against termination of an employee based on the employee's gender, as well as the employee's opposition to practices prohibited by the Fair Employment and Housing Act ("FEHA").

38.    As set forth above, Defendants terminated Plaintiff based on her gender and because she complained that she was discriminated against on the basis of her gender.

39.    As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action.  Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause great physical and emotional pain and suffering.

40.    As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees, and costs.

41.    Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## THIRD CAUSE OF ACTION

(Sex Discrimination in Violation of
Government Code § 12940, et seq.)

42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41, above, as though fully set forth herein.

43.    California Government Code §12940(a) protects against discrimination in terms, conditions, or privileges of employment against an employee on the basis of her sex.

44.    As set forth above, Defendants discriminated against Plaintiff on account of her sex by, *inter alia*, failing to provide her with the support and assistance provided to her male colleagues, subjecting her to different standards than her male colleagues, and treating her differently than her male colleagues.  The failure to treat Plaintiff in the same manner as her male colleagues is indicative of the implicit bias against women that permeated Defendants' workplace.

45.    As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action.  Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause, great physical and emotional pain and suffering.

46.    As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees and costs.

47.    In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

### FOURTH CAUSE OF ACTION

**(Hostile Work Environment
In Violation of Government Code § 12940, et seq.)**

48.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47, above, as though fully set forth herein.

49.    California Government Code §12940(a) protects against discrimination against an employee on the basis of her sex.

50.    Discrimination the basis of sex includes, but is not limited to, sexual harassment and the creation of a hostile work environment.

51.    As set forth above, during Plaintiff's employment with Defendants, she was subjected to a hostile work environment in which sexual comments, photographs, jokes and stories permeated the workplace, often at the expense of Plaintiff who found the atmosphere to be both offensive and demeaning.   This conduct on the part of Defendants was indicative of the implicit bias against women.

52.    As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action.  Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause, great physical and emotional pain and suffering.

53.    As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees and costs.

54.    In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## FIFTH CAUSE OF ACTION

(Failure to Take All Reasonable Steps to Prevent Discrimination and Harassment
in Violation of California Fair Housing and Employment Act
California Government Code § 12940(k), et seq)

55.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54, above, as though fully set forth herein.

56.    The California Fair Employment and Housing Act § 12940(j) (1) makes it an unlawful practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

57.    Defendants failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff.

58.    As a result of the failure of Defendants to take all reasonable steps to prevent discrimination and harassment from occurring, Plaintiff was subjected to conduct that was severe and pervasive, was an ongoing an continuous course of conduct, and created a hostile work environment.

59.    As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action.  Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause, great physical and emotional pain and suffering.

60.    As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees and costs.

61.    In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1.    For compensatory damages according to proof;

2.    For punitive damages according to proof;

3.    For attorneys fees with respect to the Second, Third, Fourth and Fifth Causes of Action;

4.    For costs of suit;

5.    For interest at the maximum legal rate on all sums awarded;

6.    For such other relief that the Court deems just and proper.


Dated: _July 2_ 2008                    VINICK LAW FIRM


                                        BY: _Emily Nugent_
                                            EMILY A. NUGENT
                                            Attorneys for Plaintiff


                          **DEMAND FOR JURY TRIAL**

        Plaintiff hereby demands a trial by jury for each and every claim for which she has a
right to jury trial.


Dated: July 2, 2008                     VINICK LAW FIRM


                                        BY: _Emily Nugent_
                                            EMILY A. NUGENT
                                            Attorneys for Plaintiff

**COPY**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Scott G. Lawson (Bar No. 174671)
2     scottlawson@quinnemanuel.com
      Christina Wu (Bar No. 233186)
3     christinawu@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California  94111
   Telephone:     (415) 875-6600
5  Facsimile:     (415) 875-6700

6

7  Attorneys for Gartner, Inc. and
   Computer Financial Consultants, Inc.

8

9

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

AUG 2 6 2008

GORDON PARK-LI, Clerk
BY: _____ELIZABETH ZALDIVAR_____
                          Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF SAN FRANCISCO

12                       UNLIMITED JURISDICTION

13

14  JENNIFER BOSSIN,                          CASE NO. CGC-08-477180

15            Plaintiff,                      **ANSWER AND AFFIRMATIVE
                                             DEFENSES OF DEFENDANTS
16       vs.                                  GARTNER, INC. AND COMPUTER
                                             FINANCIAL CONSULTANTS, INC.**
17  GARTNER CONSULTING GROUP;
    COMPUTER FINANCIAL CONSULTANTS;
    AND DOES 1 THROUGH 20, inclusive,
18
19            Defendants.
20
21
22
23
24
25
26
27
28

1    Defendants Gartner, Inc. ("Gartner") and Computer Financial Consultants, Inc.[1] ("CFC")

2    (collectively, "Defendants") hereby answer the unverified complaint ("Complaint") of plaintiff

3    Jennifer Bossin filed on July 8, 2008, by submitting the following Answer and Affirmative

4    Defenses:

**ANSWER**

6    Answering each and all of the allegations of the unverified Complaint, pursuant to

7    <u>California Code of Civil Procedure</u> section 431.30, Defendants deny, generally and specifically,

8    each and every allegation in each and every paragraph of the Complaint and the whole thereof,

9    and further deny that plaintiff is entitled to damages or relief in any amount or kind by reason of

10    any act, breach or omission by Defendants.

**AFFIRMATIVE DEFENSES**

12    Defendants assert the following affirmative defenses. By alleging these Affirmative

13    Defenses, Defendants are not in any way agreeing or conceding that they have the burden of proof

14    or burden of persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**

16    1.    Plaintiff failed to make reasonable efforts to mitigate her damages, if any, and any

17    damages awarded to plaintiff must be reduced accordingly.

**SECOND AFFIRMATIVE DEFENSE**

19    2.    The Complaint and each and every cause of action alleged therein are barred

20    because the Complaint has named as defendants entities that do not exist.

**THIRD AFFIRMATIVE DEFENSE**

22    3.    The Complaint and each and every cause of action alleged therein are barred

23    because the Complaint has named as defendants entities that did not employ plaintiff.

---

[1] While Plaintiff has named Gartner Consulting Group as a defendant, no such entity exists. Plaintiff alleges that CFC is the wholly owned subsidary of Gartner Consulting Group, which it is not. CFC is a subsidiary of Gartner, Inc., which, based on plaintiffs' allegations, has made an appearance in this case. Both Gartner and CFC reserve the right to move to correct and/or dismiss themselves from this action at the appropriate time.

## FOURTH AFFIRMATIVE DEFENSE

4.     The Third, Fourth, and Fifth causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, Code of Civil Procedure section 338 and 340 and Government Code sections 12960 and 12965.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendants, and thus her right to recover against defendants is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

6.     The Complaint and each and every cause of action alleged therein are barred because they fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

7.     The Complaint and each and every cause of action alleged therein, are barred because plaintiff failed to exhaust the internal remedies available to her under her employer's policies and procedures.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Any claim plaintiff purports to make for damages for unlawful harassment is barred or limited because her employer took reasonable steps to prevent and correct workplace harassment; plaintiff unreasonably failed to use the preventive and corrective measures provided; and reasonable use of these procedures would have prevented at least some of the harm that Plaintiff alleges she suffered.

## NINTH AFFIRMATIVE DEFENSE

9.     The Complaint, and each and every cause of action alleged therein, are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

10.     The Complaint, and each purported cause of action therein, allege no facts that entitle plaintiff to an award of punitive damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and would fail to provide due process under Article I, section 7 of the California Constitution, and would constitute an excessive fine under the Excessive Fines clause of the California Constitution, because the standards of liability for punitive damages in California are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    Plaintiff's First Cause of Action does not support an award of attorneys' fees, as requested in the first cause of action.

**PRAYER**

WHEREFORE, Defendants pray from judgment in their favor and against plaintiff on all causes of action in the Complaint and that the Complaint be dismissed with prejudice, that plaintiff take nothing by her Complaint, and that Defendants be awarded costs, attorneys' fees, and such other and further relief as the Court may deem proper.

DATED:  August 26, 2008                Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By _Christina L. Wu_____
Christina L. Wu
Attorneys for Gartner, Inc. and
Computer Financial Consultants, Inc.

1

## PROOF OF SERVICE

2  I am employed in the County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 50 California Street,
3 22nd Floor, San Francisco, California 94111.

4  On August 26, 2008, I served true copies of the following document(s) described as
**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GARTNER, INC. AND**
5 **COMPUTER FINANCIAL CONSULTANTS, INC.** on the parties in this action as follows:

6       **SEE ATTACHED LIST**

7 **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at San Francisco, California.  The envelope was mailed
8 with postage thereon fully prepaid.

9  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

10

  Executed on August 26, 2008, at San Francisco, California.

11

12

13        Joseph LeRoy

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51431/2616099.1

1

## SERVICE LIST

2   Sharon R. Vinick, Esq.                    Leslie F. Levy, Esq.
    Emily A. Nugent, Esq.                     Boxer & Gerson, LLP
3   Vinick Law Firm                           300 Frank H. Ogawa Plaza, Suite 500
    350 Sansome Street, Suite 300             Oakland, CA 94612
4   San Francisco, CA 94104

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Scott G. Lawson (Bar No. 174671)
2     scottlawson@quinnemanuel.com
      Christina Wu (Bar No. 233186)
3     christinawu@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California  94111
   Telephone:    (415) 875-6600
5  Facsimile:    (415) 875-6700

6

7  Attorneys for Gartner, Inc. and
   Computer Financial Consultants, Inc.

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12                        UNLIMITED JURISDICTION

13
   JENNIFER BOSSIN,                          CASE NO. CGC-08-477180
14
              Plaintiff,                     **NOTICE OF REMOVAL**
15
         vs.
16                                           Filing Date:    August 27, 2008
   GARTNER CONSULTING GROUP;
17 COMPUTER FINANCIAL CONSULTANTS;
   AND DOES 1 THROUGH 20, inclusive,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

1431/2615743.3

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1    TO THE CLERK OF THE ABOVE-TITLED COURT, ALL PARTIES, AND THEIR

2 ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §1446, Defendants Gartner, Inc.

4 ("Gartner") and Computer Financial Consultants, Inc. ("CFC")[1] have removed the above-

5 captioned matter to the United States District Court for the Northern District of California.  A true

6 and correct copy of the Notice of Removal filed in the federal court is appended hereto as Exhibit

7 A.

8

9

DATED:  August 27, 2008                    Respectfully submitted,

10
                                           QUINN EMANUEL URQUHART OLIVER &
11                                         HEDGES, LLP

12

13                                         By _____
                                              Scott G. Lawson
14                                            Christina L. Wu
                                              Attorneys for Defendants Gartner, Inc. and
15                                            Computer Financial Consultants, Inc.

16

17

18

19

20

21

22

23

24
    _____
25    [1]  While Plaintiff has named Gartner Consulting Group as a defendant, no such entity exists.
26 Plaintiff alleges that CFC is the wholly owned subsidiary of Gartner Consulting Group, which it is
   not.  CFC is a subsidiary of Gartner, Inc., which, based on plaintiffs' allegations, has made an
27 appearance in this case.  Both Gartner and CFC reserve the right to move to correct and/or dismiss
   themselves from this action at the appropriate time.
28

# EXHIBIT A

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Scott G. Lawson (Bar No. 174671)
2     scottlawson@quinnemanuel.com
     Christina Wu (Bar No. 233186)
3     christinawu@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California  94111
   Telephone:    (415) 875-6600
5  Facsimile:    (415) 875-6700

6

7  Attorneys for Gartner, Inc. and
   Computer Financial Consultants, Inc.

8

9

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

   JENNIFER BOSSIN                          CASE NO.
15
              Plaintiff,
16                                          **NOTICE OF REMOVAL**
        vs.
17
   GARTNER CONSULTING GROUP;
18 COMPUTER FINANCIAL CONSULTANTS;
   AND DOES 1 through 20, inclusive,
19
              Defendants.
20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE ABOVE-TITLED COURT, ALL PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that defendants Gartner, Inc. ("Gartner") and Computer

4  Financial Consultants, Inc. ("CFC")[1] hereby remove this action from the Superior Court of the

5  State of California, County of San Francisco, to the United States District Court for the Northern

6  District of California pursuant to 28 U.S.C. §§1332(a)(1) and 1441(a), and in support thereof,

7  respectfully allege as follows:

8    1.    Defendants Gartner and CFC petition that this action be removed to federal court

9  on the basis of diversity of citizenship.

10    2.    Effective July 29, 2008, Plaintiff Jennifer Bossin served on Defendants Gartner and

11  CFC a Complaint in the Superior Court of the State of California, County of San Francisco

12  ("Superior Court Action").  The docket number assigned to the Superior Court Action is CGC-08-

13  477180.  A true and correct copy of the Summons and Complaint, and the Answer and

14  Affirmative Defenses of Defendants Gartner and CFC, filed in the Superior Court Action, are

15  attached hereto as Exhibit A and are incorporated herein by reference.  The documents attached

16  hereto constitute all process, pleadings, and orders served in the Superior Court Action.

17    3.    Defendant Does 1 through 20 are also named in the Superior Court Action.  These

18  unknown defendants are not required to join in the removal notice.  See, e.g., Fristoe v. Reynolds

19  Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980).

20    4.    The Superior Court Action is a suit of a wholly civil nature of which the United

21  States District Court of the Northern District of California has diversity jurisdiction under 28

22  U.S.C. §1332(a)(1), and is a suit that may be removed by Petitioner pursuant to 28 U.S.C.

23  §1441(a).

24  _____

25    [1]  While Plaintiff has named Gartner Consulting Group as a defendant, no such entity exists.
26  Plaintiff alleges that CFC is the wholly owned subsidiary of Gartner Consulting Group, which it is
    not.  CFC is a subsidiary of Gartner, Inc., which, based on plaintiffs' allegations, has made an
27  appearance in this case.  Both Gartner and CFC reserve the right to move to correct and/or dismiss
    themselves from this action at the appropriate time.
28

1    5.    Specifically, this Court has diversity jurisdiction over this action because:

2          (a)    Defendants are informed and believe that plaintiff is an individual who is a

3    citizen of California and a resident of San Francisco, California.

4          (b)    Defendant Gartner, Inc. is a corporation incorporated under the laws of the

5    State of Delaware, with its principal place of business in Stamford, Connecticut.

6          (c)    Defendant Computer Financial Consultants, Inc. is a wholly owned

7    subsidiary of Gartner, Inc., incorporated under the laws of the state of Delaware, with its principal

8    place of business in Stamford, Connecticut.

9          (d)    Pursuant to 28 U.S.C. § 1441(a), the citizenship of Defendant Does 1-20

10   shall be disregarded for purposes of removal.

11         (e)    The amount in controversy exceeds $75,000 in that the Plaintiff seeks, inter

12   alia, monetary damages for violations of California Government Code § 12940, et seq.

13   Specifically, Plaintiff alleges that defendants engaged in sex discrimination, including wrongful

14   termination of her employment, sexual harassment and the creation of a hostile work environment.

15   Plaintiff claims that she is entitled to compensatory damages, punitive damages, interest,

16   attorneys' fees and costs.

17   6.    The United States District Court for the Northern District of California embraces

18   the place, San Francisco, California, where the Superior Court Action is currently pending.

19   7.    The Superior Court Action is therefore one over which the United States District

20   Court for the Northern District of California has diversity jurisdiction under 28 U.S.C.

21   §1332(a)(1), and this action may be removed to this Court by Petitioner pursuant to 28 U.S.C.

22   §1441(a).

23   8.    This petition is being filed pursuant to 28 U.S.C. §1446(b) within thirty days from

24   service of the Complaint upon a defendant on July 29, 2008.

25   9.    A Notice of Removal to Federal Court will be filed and served today in Superior

26   Court of the State of California for the County of San Francisco in Bossin v. Gartner Consulting

27   Group, et al., Case Number CGC-08-477180.  A true and correct copy of that Notice is attached

28   hereto as Exhibit B.

1        10.    This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

2        11.    Defendants intend no admission of fact, law, or liability by this Notice, and reserve

3    all defenses, motions, and pleas.

4        WHEREFORE, Defendants Gartner, Inc. and Computer Financial Consultants, Inc.

5    respectfully request that this action be removed from the Superior Court of the State of California,

6    County of San Francisco to the United States District Court for the Northern District of California.

7

8    DATED:        Respectfully submitted,

9
    QUINN EMANUEL URQUHART OLIVER &
10        HEDGES, LLP

11

12        By _____
    Christina L. Wu
13        Attorneys for Gartner, Inc. and
    Computer Financial Consultants, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



San Francisco Superior Courts
Information Technology Group

## Document Scanning Lead Sheet

Jul-08-2008 9:51 am

Case Number: CGC-08-477180

Filing Date: Jul-08-2008 9:43

Juke Box: 001    Image: 02176268

COMPLAINT

JENNIFER BOSSIN VS. GARTNER CONSULTING GROUP et al

001C02176268

**Instructions:**
Please place this sheet on top of the document to be scanned.

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GARTNER CONSULTING GROUP, COMPUTER FINANCIAL
CONSULTANTS and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER BOSSIN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* 08 - 477180

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EMILY A. NUGENT, ESQ.                    (415) 722-4481
VINICK LAW FIRM
350 Sansome Street, Suite 300
San Francisco, CA 94104

DATE:                          Clerk, by _____, Deputy
*(Fecha)* JUL 8 - 2008        *(Secretario)*              *(Adjunto)*

GORDON PARK-LIC

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| EMILY A. NUGENT, ESQ., SBN: 255048<br>SHARON R. VINICK, ESQ., SBN: 129914<br>VINICK LAW FIRM<br>350 Sansome Street, Suite 300<br>San Francisco, CA 94104 | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br>JUL 8 - 2008<br>GORDON PARK-LI, Clerk<br>BY: _____<br>Deputy Clerk |
| TELEPHONE NO.: (415) 722-4481   FAX NO.: (415) 286-6338 | |
| ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:   BOSSIN v. GARTNER CONSULTING GROUP, et al:

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-08-477180 |
| | | | JUDGE:    DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* Five

5. This case [ ] is   [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2008

EMILY A. NUGENT, ESQ., SBN: 255048
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

1  SHARON R. VINICK (State Bar No. 129914)
2  EMILY A. NUGENT (State Bar. No. 255048)
   VINICK LAW FIRM
3  350 Sansome Street, Suite 300
   San Francisco, CA 94104
4  Telephone: 415-722-4481
   Facsimile: 415-286-6338
5
6  LESLIE F. LEVY, ESQ., State Bar No. 104634
   BOXER & GERSON, LLP
7  300 Frank H. Ogawa Plaza, Suite 500
   Oakland, CA 94612
8  Telephone: (510) 835-8870
   Facsimile: (510) 835-0415
9  E-mail: courtmail@boxerlaw.com

10 Attorneys for Plaintiff

**FILED**
Superior Court of California
County of San Francisco

JUL 8 - 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 5 - 2008 - 9ᵃᵐ AM

DEPARTMENT 212

**SUMMONS ISSUED**

11
12
13                    SUPERIOR COURT OF CALIFORNIA
14                      COUNTY OF SAN FRANCISCO
15                        UNLIMITED JURISDICTION
16
17 JENNIFER BOSSIN,                    )  Case No. CGC - 0 8 - 4 7 7 1 8 0
                                       )
18           Plaintiff,                )  COMPLAINT FOR DAMAGES AND
                                       )  DEMAND FOR JURY TRIAL
19 vs.                                 )
                                       )  (Violation of Fair Employment and Housing Act)
20 GARTNER CONSULTING GROUP;           )
   COMPUTER FINANCIAL                  )
21 CONSULTANTS; AND DOES 1             )
   THROUGH 20, inclusive               )
22                                     )
23           Defendants.
24
25      Plaintiff JENNIFER BOSSIN alleges as follows:
26
27
28
   ──────────────────────────────────────────
         COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
                          - 1 -

# I.  JURISDICTIONAL FACTS

1.     Plaintiff, JENNIFER BOSSIN ("Bossin" or "Plaintiff") worked in and was a resident of the City San Francisco, which is located in San Francisco County, when she was hired by Computer Financial Consultants ("CFC"), which is a wholly owned subsidiary of Gartner Consulting Group ("Gartner"). Bossin was hired as a Vice President in 2001. Bossin's employment with Gartner and CFC (collectively, "Defendants") was pursuant to a written agreement, which was later modified by certain policies, practices, assurances and other statements, both oral and written.

2.     Defendant Gartner Consulting Group ("Gartner") is a Delaware corporation, with its headquarters in Stamford, Connecticut. Gartner employs approximately 4,000 associates and has corporate offices throughout the United States, including five locations in California.

3.     Defendant Computer Financial Consultants ("CFC"), a wholly owned, but separately managed, subsidiary of Gartner, which was acquired by Gartner in 1999. CFC, which has its headquarters in Florida, has two divisions, one of which is based in the United States and one of which is based in Europe.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, and the true involvement of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will amend this Complaint to show the true names, capacities and involvement when ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that Plaintiff's injuries and damages (as hereinafter set forth) were proximately caused by said Defendants.

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the

1    remaining Defendants, and each of them, was at all times acting within the purpose and scope of such

2    agency and employment.

3                    <u>GENERAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

4        6.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5, above, as

5

6    though fully set forth herein.

7        7.      Plaintiff has worked in the technology field for almost twenty years.  She

8    first worked for Gartner from 1997 to 2000.

9        8.      In 2000, Bossin left Gartner to pursue an opportunity with an internet start-

10    up company which later dissolved.  Subsequently, Bossin contacted Michael Fleischer ("Fleischer"),

11    the then-chair of Gartner, and indicated that she was looking for a job.  Fleischer suggested that

12    Plaintiff consider various positions at Gartner, including one with CFC.

13

14        9.      In 2001, the head of CFC, Mike Parrish ("Parrish") interviewed Bossin for a

15    position as Vice-President, which was a position requiring direct contact with clients (also referred to

16    as a "client-facing position.")  Bossin was the first woman to be interviewed for a client-facing

17    position with CFC.  During the interview, Parrish expressed concerns about whether a woman could

18    effectively perform in CFC, although added, "It doesn't hurt that you don't look like the back of the

19    bus."  Plaintiff did not respond to the comment, as she believed that doing so might affect her chances

20    of receiving a job offer.

21

22        10.     Eventually Parrish offered Bossin a job as Vice-President with CFC, a position which

23    she accepted, thus becoming the only woman in CFC who had ever been in a client-facing position.

24    Plaintiff is informed, and believes, that CFC still has not had any other woman in a client-facing

25    position.

26    /

27

28

11.    During all relevant periods, CFC had approximately sixteen employees who were Vice-Presidents and worked in client-facing roles. These employees were split between the United States and European Divisions. Most of the CFC employees who were located in the United States worked in Stamford, Connecticut.

12.    Bossin, who was living in California at the time of her hire, was assigned clients who were on the West Coast. Thus, it was agreed that Bossin would "telecommute" and remain in California, working from home.

13.    From the beginning of her tenure at CFC, Bossin was subjected to a hostile work environment which was severe and pervasive. Sexual comments, photographs, jokes and stories permeated the all work-related activities, including telephone calls and meetings in which Bossin's attendance was required. This environment was symptomatic of the pervasive "Boy's Club" in which she was required to work, which favored male employees, often at the expense of Bossin who found the atmosphere to be both offensive and demeaning. Moreover, this environment was indicative of the implicit bias of Defendants against female employees, including Bossin.

14.    On numerous occasions, Bossin considered submitting a complaint regarding this hostile work environment. However, because her direct supervisor, Parrish, participated in this conduct, Bossin believed that doing so would result in her being ostracized by her colleagues and possibly retaliated against by Parrish. Furthermore, based upon stories that she had heard regarding the Defendants' response to complaints of discrimination made by other female employees, Bossin believed that filing a formal complaint with Gartner's Human Resources Department would be futile. Therefore, instead of complaining to Parrish, or filing a formal complaint with Gartner's Human Resources Department, Bossin chose to concentrate on performing her job duties as well as possible.

15.     During her tenure at CFC, Bossin developed a specialty in the health care field, an area in which CFC had previously not had a presence.  While Parrish was supportive of Bossin's decision to move into the area of health care, even his support was tinged with his views of women.  In her 2002 review, Ms. Bossin wrote that she intended to "Focus on industry vertical emerging: Healthcare."  In response, Parrish wrote "This is an area Jen can focus on in 03 and may well suit her 'style'."

16.     During her tenure at CFC, Parrish consistently refused to provide Bossin with the support and assistance that he gave to her male colleagues.  For example, when one of Bossin's male colleagues was working on a deal involving software with which he was unfamiliar, Parrish spent weeks working with her colleague, in order to assist him in making a client presentation.  When Bossin asked Parrish to help her on a deal involving software with which she was unfamiliar, Parrish did not travel to visit her, and only provided her with a stock set of materials that had been used in another deal.

17.     In the fall of 2006, Bossin finally confronted her boss, Mike Parrish, regarding this disparate treatment.

18.     In October 2006, Bossin was making a presentation to a client regarding software with which she was unfamiliar.  Bossin asked Parrish to help her in preparing the written materials that would be used at the presentation.  While Parrish gave her some "stock" materials that she could use, he did not help her in crafting the presentation, although he customarily provided such help to her male peers.

19.     At the conclusion of the presentation, Parrish told Bossin that he was "disappointed" with the presentation and that, in his opinion, Bossin had not been prepared.  Bossin responded by saying that Parrish had refused to help her prepare, although he customarily provided

1  her male colleagues with the support he had denied to her. The conversation escalated and both

2  parties agreed that Bossin would fly to Connecticut the following week to continue the discussion.

3      20.    The following week, Bossin traveled to Connecticut and met with Parrish.

4  During their meeting, Bossin complained about Parrish's refusal to assist her. Bossin then said: You

5  treat me differently. In response, Parrish asked: Are you different? Bossin responded: No, I have the

6  same quota and do the same work. Parrish then looked at Bossin, paused, and said that he disagreed.

7  In making these comments to Parrish, Bossin was identifying the implicit bias against women that

8

9  permeated the manner in which he treated her, when contrasted to the manner in which he treated

10  male colleagues.

11      21.    The conversation between Bossin and Parrish then turned to a discussion

12  about the deals Bossin had in the works for the rest of 2006. Bossin indicated that she intended to

13  make every effort to close as many deals as possible that year. At no point in the conversation did

14  Parrish offer to assist Plaintiff in closing her deals, nor did he tell her that if she failed to close these

15  deals that she may be terminated.

16

17      22.    On or about February 1, 2007, Bossin attended a CFC meeting in Florida.

18  One evening, when the group was having cocktails, Patrick Smith ("Smith"), to whom Bossin was

19  then directly reporting, told numerous jokes of sexual nature. Moreover, when a female Gartner

20  employee who was present asked Smith about an open position in CFC, Smith responded that he

21  would be willing to discuss the matter with her if she accompanied him to his room. Bossin, who

22  witnessed these exchanges, felt humiliated and demeaned.

23

24      23.    On Tuesday, February 13, 2007, Parrish and a representative of the

25  Human Resources Department called Bossin. During the call, which lasted less than five minutes,

26  Parrish told Bossin that she was terminated due to "lack of performance." When Plaintiff asked if

27

28

1  Parrish would be having similar discussions with her peers who had underperformed in 2006, he said:

2  No, just you. Bossin then said that, in her experience at Gartner, employees who were

3  underperforming were put on an improvement plan, and then asked why she wasn't being offered that

4  option. In reply, Parrish said, that he didn't think Bossin had ever been successful at CFC, nor would

5  she ever be successful at CFC. He then told her that she would be paid all outstanding commission

6  and expenses. Finally, he told her that she would be paid through March 30, 2007, although the

7  termination of her duties was effective "immediately."

8

9      24.    Within the two weeks following Bossin's termination, CFC hired two men

10  to work in the health care sector. Only one of these men, Greg Hardin, had experience in the health

11  care industry. The other man, Scott Mullin, had no experience in health care.

12      25.    A month or two later, CFC hired another man, Peter Krasa, who was assigned to cover

13  clients in Canada.

14

15      26.    Upon information and belief, none of the men hired by CFC in 2007 made their quota.

16  However, none of these men have been terminated.

17      27.    On April 15, 2008, Plaintiff filed a complaint against CFC and Gartner with

18  the California Department of Fair Employment and Housing. The filing of the DFEH complaint was

19  timely under a tolling agreement reached by the parties.

20

21      28.    On April 24, 2008, Plaintiff received Right-to-Sue Notices from the

22  Department of Fair Employment and Housing.

23              **FIRST CAUSE OF ACTION**

24          (Wrongful Termination in Violation of Public Policy)

25      29.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, above,

26  as though fully set forth herein.

27

28

30.    It is against the public policy of the State of California to terminate an employee on account of that employee's gender, as well as the employee's opposition to practices prohibited by the Fair Employment and Housing Act.

31.    This public policy is embodied in, among other places, California Govt. Code § 12940, et seq and the California constitution.

32.    As set forth above, Defendants terminated Plaintiff based on her gender and because she complained that she was discriminated against on the basis of her gender.

33.    As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action. Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause great physical and emotional pain and suffering.

34.    As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees, and costs.

35.    Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with an improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## SECOND CAUSE OF ACTION

(Termination in Violation of
Government Code § 12940, et seq.)

36.    Plaintiff re-alleges and incorporates by reference paragraphs through 35, above, as though fully set forth herein.

37.    California Government Code·§12940 protects against termination of an employee based on the employee's gender, as well as the employee's opposition to practices prohibited by the Fair Employment and Housing Act ("FEHA").

38.    As set forth above, Defendants terminated Plaintiff based on her gender and because she complained that she was discriminated against on the basis of her gender.

39.    As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action.  Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause great physical and emotional pain and suffering.

40.    As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees, and costs.

41.    Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, and/or with an improper and evil motive amounting to malice.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## THIRD CAUSE OF ACTION

### (Sex Discrimination in Violation of Government Code § 12940, et seq.)

42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41, above, as though fully set forth herein.

43.    California Government Code §12940(a) protects against discrimination in terms, conditions, or privileges of employment against an employee on the basis of her sex.

44. As set forth above, Defendants discriminated against Plaintiff on account of her sex by, *inter alia*, failing to provide her with the support and assistance provided to her male colleagues, subjecting her to different standards than her male colleagues, and treating her differently than her male colleagues. The failure to treat Plaintiff in the same manner as her male colleagues is indicative of the implicit bias against women that permeated Defendants' workplace.

45. As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action. Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause, great physical and emotional pain and suffering.

46. As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees and costs.

47. In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## FOURTH CAUSE OF ACTION

**(Hostile Work Environment
In Violation of Government Code § 12940, et seq.)**

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47, above, as though fully set forth herein.

49. California Government Code §12940(a) protects against discrimination against an employee on the basis of her sex.

50.     Discrimination the basis of sex includes, but is not limited to, sexual harassment and the creation of a hostile work environment.

51.     As set forth above, during Plaintiff's employment with Defendants, she was subjected to a hostile work environment in which sexual comments, photographs, jokes and stories permeated the workplace, often at the expense of Plaintiff who found the atmosphere to be both offensive and demeaning.   This conduct on the part of Defendants was indicative of the implicit bias against women.

52.     As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action.  Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause, great physical and emotional pain and suffering.

53.     As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees and costs.

54.     In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## FIFTH CAUSE OF ACTION

(Failure to Take All Reasonable Steps to Prevent Discrimination and Harassment
in Violation of California Fair Housing and Employment Act
California Government Code § 12940(k), et seq)

55.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54, above, as though fully set forth herein.

56.    The California Fair Employment and Housing Act § 12940(j) (1) makes it an unlawful practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

57.    Defendants failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff.

58.    As a result of the failure of Defendants to take all reasonable steps to prevent discrimination and harassment from occurring, Plaintiff was subjected to conduct that was severe and pervasive, was an ongoing an continuous course of conduct, and created a hostile work environment.

59.    As a result of Defendants' alleged conduct, Plaintiff has suffered loss of salary and other employment related benefits, and continues to suffer those losses, and expects to continue to suffer those losses until remedied through this action.  Plaintiff also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause, great physical and emotional pain and suffering.

60.    As a result of Defendants' unlawful acts, Plaintiff is also entitled to an award of attorneys' fees and costs.

61.    In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as is further set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1.    For compensatory damages according to proof;

2.    For punitive damages according to proof;

3.    For attorneys fees with respect to the Second, Third, Fourth and Fifth Causes of Action;

4.    For costs of suit;

5.    For interest at the maximum legal rate on all sums awarded;

6.    For such other relief that the Court deems just and proper.


Dated: July 2, 2008                          VINICK LAW FIRM


                                    BY: _Emily Nugent_____
                                         EMILY A. NUGENT
                                         Attorneys for Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for each and every claim for which she has a right to jury trial.


Dated: July 2, 2008                          VINICK LAW FIRM


                                    BY: _Emily Nugent_____
                                         EMILY A. NUGENT
                                         Attorneys for Plaintiff

**COPY**

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       Scott G. Lawson (Bar No. 174671)
2      scottlawson@quinnemanuel.com
       Christina Wu (Bar No. 233186)
3      christinawu@quinnemanuel.com
     50 California Street, 22nd Floor
4    San Francisco, California  94111
     Telephone:    (415) 875-6600
5    Facsimile:     (415) 875-6700

6

7    Attorneys for Gartner, Inc. and
     Computer Financial Consultants, Inc.

8

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12                           UNLIMITED JURISDICTION

13
     JENNIFER BOSSIN,                          CASE NO. CGC-08-477180
14
                  Plaintiff,                   **ANSWER AND AFFIRMATIVE
15                                             DEFENSES OF DEFENDANTS
            vs.                                GARTNER, INC. AND COMPUTER
16                                             FINANCIAL CONSULTANTS, INC.**
     GARTNER CONSULTING GROUP;
17   COMPUTER FINANCIAL CONSULTANTS;
     AND DOES 1 THROUGH 20, inclusive,
18
                  Defendants.
19

20

21

22

23

24

25

26

27

28

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

AUG 2 6 2008

GORDON PARK-LI, Clerk
BY: _____ELIZABETH ZALDIVAR_____
                        Deputy Clerk

1/2615800.2

CASE NO. CGC-08-477180

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

1    Defendants Gartner, Inc. ("Gartner") and Computer Financial Consultants, Inc.[1] ("CFC")

2  (collectively, "Defendants") hereby answer the unverified complaint ("Complaint") of plaintiff

3  Jennifer Bossin filed on July 8, 2008, by submitting the following Answer and Affirmative

4  Defenses:

5                              **ANSWER**

6    Answering each and all of the allegations of the unverified Complaint, pursuant to

7  <u>California Code of Civil Procedure</u> section 431.30, Defendants deny, generally and specifically,

8  each and every allegation in each and every paragraph of the Complaint and the whole thereof,

9  and further deny that plaintiff is entitled to damages or relief in any amount or kind by reason of

10  any act, breach or omission by Defendants.

11                          **AFFIRMATIVE DEFENSES**

12    Defendants assert the following affirmative defenses. By alleging these Affirmative

13  Defenses, Defendants are not in any way agreeing or conceding that they have the burden of proof

14  or burden of persuasion as to any of them.

15                      **FIRST AFFIRMATIVE DEFENSE**

16    1.    Plaintiff failed to make reasonable efforts to mitigate her damages, if any, and any

17  damages awarded to plaintiff must be reduced accordingly.

18                     **SECOND AFFIRMATIVE DEFENSE**

19    2.    The Complaint and each and every cause of action alleged therein are barred

20  because the Complaint has named as defendants entities that do not exist.

21                      **THIRD AFFIRMATIVE DEFENSE**

22    3.    The Complaint and each and every cause of action alleged therein are barred

23  because the Complaint has named as defendants entities that did not employ plaintiff.

24  _____

25    [1]  While Plaintiff has named Gartner Consulting Group as a defendant, no such entity exists.
26  Plaintiff alleges that CFC is the wholly owned subsidiary of Gartner Consulting Group, which it is
    not.  CFC is a subsidiary of Gartner, Inc., which, based on plaintiffs' allegations, has made an
27  appearance in this case.  Both Gartner and CFC reserve the right to move to correct and/or dismiss
    themselves from this action at the appropriate time.

28

131/2615800.2

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**FOURTH AFFIRMATIVE DEFENSE**

4.     The Third, Fourth, and Fifth causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, Code of Civil Procedure section 338 and 340 and Government Code sections 12960 and 12965.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendants, and thus her right to recover against defendants is barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

6.     The Complaint and each and every cause of action alleged therein are barred because they fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     The Complaint and each and every cause of action alleged therein, are barred because plaintiff failed to exhaust the internal remedies available to her under her employer's policies and procedures.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Any claim plaintiff purports to make for damages for unlawful harassment is barred or limited because her employer took reasonable steps to prevent and correct workplace harassment; plaintiff unreasonably failed to use the preventive and corrective measures provided; and reasonable use of these procedures would have prevented at least some of the harm that Plaintiff alleges she suffered.

**NINTH AFFIRMATIVE DEFENSE**

9.     The Complaint, and each and every cause of action alleged therein, are barred, in whole or in part, by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

10.     The Complaint, and each purported cause of action therein, allege no facts that entitle plaintiff to an award of punitive damages.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## ELEVENTH AFFIRMATIVE DEFENSE

11.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and would fail to provide due process under Article I, section 7 of the California Constitution, and would constitute an excessive fine under the Excessive Fines clause of the California Constitution, because the standards of liability for punitive damages in California are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's First Cause of Action does not support an award of attorneys' fees, as requested in the first cause of action.

## PRAYER

WHEREFORE, Defendants pray from judgment in their favor and against plaintiff on all causes of action in the Complaint and that the Complaint be dismissed with prejudice, that plaintiff take nothing by her Complaint, and that Defendants be awarded costs, attorneys' fees, and such other and further relief as the Court may deem proper.


DATED:  August 26, 2008                    Respectfully submitted,

                                           QUINN EMANUEL URQUHART OLIVER &
                                           HEDGES, LLP


                                           By _Christina L. Wu_____
                                              Christina L. Wu
                                              Attorneys for Gartner, Inc. and
                                              Computer Financial Consultants, Inc.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

1

**PROOF OF SERVICE**

2     I am employed in the County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 50 California Street, 3 22nd Floor, San Francisco, California 94111.

4     On August 26, 2008, I served true copies of the following document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GARTNER, INC. AND** 5 **COMPUTER FINANCIAL CONSULTANTS, INC.** on the parties in this action as follows:

6

**SEE ATTACHED LIST**

7 **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at San Francisco, California.  The envelope was mailed 8 with postage thereon fully prepaid.

9     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

10

11     Executed on August 26, 2008, at San Francisco, California.

12

13     Joseph LeRoy

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  Sharon R. Vinick, Esq.
   Emily A. Nugent, Esq.
3  Vinick Law Firm
   350 Sansome Street, Suite 300
4  San Francisco, CA 94104

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Leslie F. Levy, Esq.
Boxer & Gerson, LLP
300 Frank H. Ogawa Plaza, Suite 500
Oakland, CA 94612

51431/2616088.1                    -2-